UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10645 PSG (KSx) | Date | January 3, 2020 |
|---|---|---|---|
| Title | American Society of Journalists and Authors, Inc., et al. v. Xavier Becerra | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** The Court DENIES the ex parte application

Before the Court is Plaintiffs American Society of Journalists and Authors, Inc. and National Press Photographers Association's ("Plaintiffs") ex parte application for entry of a temporary restraining order and an order to show cause why a motion for preliminary injunction should not issue. *See* Dkt. # 27 ("*App.*"). Defendant Xavier Becerra ("Defendant") opposes, *see* Dkt. # 28 ("*Opp.*"), and Plaintiffs replied, *see* Dkt. # 29 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **DENIES** Plaintiffs' ex parte application.

I.   Background

This case challenges Assembly Bill 5 (AB 5), codified at Cal. Labor Code §§ 2750.3 et seq., a California law pertaining to the classification of employees and independent contractors. In 2018, the California Supreme Court in *Dynamex Operations W. v. Superior Court*, 4 Cal. 5th 903, 916 (2018), held that courts should apply the "ABC" test to determine whether a worker is properly classified as an employee for certain purposes. The California Legislature codified the ABC test adopted in *Dynamex* by enacting AB 5. Under AB 5, the ABC test is the standard test for ascertaining whether a worker is an employee, however, the law creates certain exceptions for categories of workers that remain subject to the multi-factor "*Borello*" standard, under *S.G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal. 3d 341 (1989). *See* Cal. Lab. Code § 2750.3(c)(1)–(2). As relevant here, AB 5's exemptions for "professional services" include various professions including photographers and writers who do not license or provide content submissions to the putative employer more than 35 times per year, *id.* § 2750.3(c)(2)(B)(ix) & (x), and the exemption provided to photographers and photojournalists does not apply to "an individual who works on motion pictures," *id.* § 2750.3(c)(2)(B)(ix).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10645 PSG (KSx) | Date | January 3, 2020 |
|---|---|---|---|
| Title | American Society of Journalists and Authors, Inc., et al. v. Xavier Becerra | | |

  Plaintiffs allege that AB 5 burdens their free speech rights by limiting the exemption from the ABC test to 35 submissions, and that the exclusion of videography from the exemption for "professional services" is unconstitutional. *See generally Complaint*, Dkt. #1 ("*Compl.*"). They claim that AB 5 creates a burden because employee status means employers will have to pay unemployment taxes, workers' compensation taxes, state disability insurance, paid family leave, and sick leave, which make "Plaintiffs' members' work more costly—and thus less attractive—to the client-turned employer." *Id.* ¶ 36. Plaintiffs bring claims under the Equal Protection Clause of the Fourteenth Amendment, and under the First Amendment. *Id.* ¶¶ 53–90.

  AB 5 was enacted on September 18, 2019. It went into effect on January 1, 2020. Plaintiffs filed this suit on December 17, 2019. *See generally Compl*. They filed a motion for a preliminary injunction on December 20, 2019, setting the hearing date for March 9, 2020. *See* Dkt. # 12. Almost two weeks later, on December 31, 2019, Plaintiffs filed this ex parte application seeking immediate injunctive relief. *See generally App.*

II. <u>Legal Standard</u>

  An application for a temporary restraining order must satisfy the same legal standard governing the issuance of a preliminary injunction. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). To obtain a temporary restraining order, a plaintiff must demonstrate that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm without preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Further, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). "An application for a temporary restraining order involves the invocation of a drastic remedy which a court of equity ordinarily does not grant, unless a very strong showing is made of a necessity and desirability of such action." *Vaccaro v. Sparks*, No. SACV 11-00164, 2011 WL 318039, at *1 (C.D. Cal. Jan. 28, 2011) (quoting *Youngstown Sheet & Tube Co. v. Sawyer*, 103 F. Supp. 978, 980 (D.D.C. 1952)). In addition, to obtain ex parte relief, a movant must establish that "it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10645 PSG (KSx) | Date | January 3, 2020 |
|---|---|---|---|
| Title | American Society of Journalists and Authors, Inc., et al. v. Xavier Becerra | | |

III. <u>Discussion</u>

A party seeking ex parte relief must establish that it is "without fault in creating the crisis that requires ex parte relief." *Id.* at 492. "It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation." *Id.* at 493. AB 5 was enacted and signed by the Governor on September 18, 2019. *See Opp.* 8:9. Plaintiffs did not file suit until December 17, 2019, three months after the challenged law was approved, and less than fifteen days before AB 5's effective date. *See generally Compl.*; *Opp.* 8:9–12. Plaintiffs then waited another two weeks to file this request for a temporary restraining order. *See generally App.* Plaintiffs do not explain this delay. *See generally id.* Instead, Plaintiffs argue they attempted to confer with Defendants' counsel on December 27, 2019, four days before filing the motion. *See id.* 4; *Opp.* 8:18–21, n.2. Plaintiffs filed their application for a temporary restraining order one day before the law was to go into effect. Plaintiffs' unexplained delay indicates that they fail *Mission Power* because ex parte relief is an extraordinary remedy and Plaintiffs have not explained "the necessity for bypassing regular motion procedures," or that they are "without fault" in creating the crisis requiring ex parte relief. *See Mission Power Eng'g Co.*, 883 F. Supp. at 492.[1] Moreover, because Plaintiffs must demonstrate immediate threatened injury, delay in seeking temporary relief "may tip the scales against the issuance of a TRO." *Sanchez v. Sanchez*, No. 10-1628, 2010 WL 4790179, at *5 (S.D. Cal. Nov. 17, 2010). Such delay "implie[s] a lack of urgency and irreparable harm." *Williford v. Ocwen Loan Servicing LLC*, No. CV 09-06464, 2011 WL 13187265, at *3 (C.D. Cal. July 15, 2011); *see also Miller for & on Behalf of N.L.R.B. v. California Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993); *Kiva Health Brands LLC v. Kiva Brands Inc.*, 402 F. Supp. 3d 877, 898 (N.D. Cal. 2019); *Chartwell Staffing Servs. Inc. v. Atl. Sols. Grp. Inc.*, No. 8:19-cv-00642-JLS-JDE, 2019 WL 2610974, at *2 (C.D. Cal. Apr. 23, 2019). Plaintiffs' delay belies their claim that there is an emergency. Ultimately, having carefully reviewed Plaintiffs' application, the Court concludes that Plaintiffs have not made a "clear showing that [they] are entitled" to the extraordinary short-term relief requested here. *See American Trucking Ass'n*, 559 F.3d at 1052 (quoting *Winter*, 555 U.S. at 22).

IV. <u>Conclusion</u>

---

[1] The Court notes that had Plaintiffs promptly filed requests for injunctive relief in September or October, there would be have been time for full briefing and a full hearing on the issue pursuant to regular motion procedures before the law was to go into effect.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10645 PSG (KSx) | Date | January 3, 2020 |
|---|---|---|---|
| Title | American Society of Journalists and Authors, Inc., et al. v. Xavier Becerra | | |

For the foregoing reasons, Plaintiffs' ex parte application is **DENIED**. Plaintiffs' motion for a preliminary injunction is set for hearing March 9, 2020.

**IT IS SO ORDERED**.