UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10645 PSG (KSx) | Date | March 20, 2020 |
|---|---|---|---|
| Title | American Society of Journalists and Authors, Inc., et al. v. Xavier Becerra | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** The Court GRANTS the motion to dismiss

Before the Court is Defendant Xavier Becerra's ("Defendant") motion to dismiss. *See* Dkt. # 33 ("*Mot.*"). Plaintiffs American Society of Journalists and Authors, Inc. ("ASJA") and National Press Photographers Association ("NPPA") (collectively, "Plaintiffs") oppose, *see* Dkt. # 37 ("*Opp.*"), and Defendant replied, *see* Dkt. # 41 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **GRANTS** the motion to dismiss.

I.   Background

The Court has recounted the background of this case in its prior order, and will not do so again here. *See* Dkt. # 44. In sum, Plaintiffs allege that the 35-submission limit and videography exception that apply to specific exemptions in AB 5 violate their members' rights under the U.S. Constitution's Fourteenth Amendment Equal Protection Clause and First Amendment. *See generally Complaint*, Dkt. #1 ("*Compl.*"); A.B. 5, Ch. 296, 2019–2020 Reg. Sess. (Cal. 2019) ("AB 5"); Cal. Lab. Code § 2750.3. Plaintiffs seek declaratory and injunctive relief, and an award of attorneys' fees and costs. *See Compl.* at 15–16. Plaintiffs sue Defendant in his role as Attorney General of California. *See id.* ¶ 16.

II.  Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cty. of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10645 PSG (KSx) | Date | March 20, 2020 |
|---|---|---|---|
| Title | American Society of Journalists and Authors, Inc., et al. v. Xavier Becerra | | |

*San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

A court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

III. Discussion

Defendant argues that the Court should dismiss the complaint in its entirety for failure to allege a viable claim, because the limitations challenged by Plaintiffs are ordinary legislative line-drawing in generally applicable economic regulation. *Mot.* 1:24–26. Plaintiffs respond that a higher level of scrutiny applies and, even if lesser scrutiny is applicable, Defendant cannot meet such scrutiny at the motion to dismiss stage. *See Opp.* 4:6–8.

As to the Equal Protection Clause challenge, the Court has concluded that the groups of exemptions (marketers, graphic designers, grant writers, and travel agents, on the one hand, and photographers, photojournalists, freelance writers, and editors, on the other) attacked by Plaintiffs are not "similarly situated," for constitutional purposes and, even if they were, there is a conceivable, rational basis for the distinctions. *See* Dkt. # 44. Plaintiffs' allegations do not raise any factual questions that would require discovery, instead Plaintiffs' challenge is based purely on the statutory text, and the Court has considered the complaint's allegations and the text of AB 5, including its stated purpose, in making its determinations. *See Garcia v. Harris*, No. CV 16–02572–BRO (AFMx), 2016 WL 9453999, at *7 (C.D. Cal. Aug. 5, 2016), *aff'd sub nom. Gallinger v. Becerra*, 898 F.3d 1012 (9th Cir. 2018) (granting motion to dismiss a challenge to law under the Equal Protection Clause because there was a legitimate governmental interest rationally related to the challenged exemptions); *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1184 (10th Cir. 2009) (reversing dismissal of substantive due process claim where plaintiffs had alleged *factual* allegations demonstrating that distinction drawn in law between dog breeds was irrational).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10645 PSG (KSx) | Date | March 20, 2020 |
|---|---|---|---|
| Title | American Society of Journalists and Authors, Inc., et al. v. Xavier Becerra | | |

As to the First Amendment claims, the Court has concluded that the distinctions drawn in the generally applicable economic regulation, which Plaintiffs attack, are not content-based, do not single out the press, serve a governmental interest stated in Section 1 of AB 5 that is unrelated to the suppression of speech, and Plaintiffs have not made any allegations that the law was adopted to favor or disfavor any message.  *See* Dkt. # 44; *see generally Compl.*; AB 5.  Plaintiffs' allegations in the complaint rest entirely on the assertion that the 35-submission limit and videography exception are content-based distinctions on the face of the law and single out journalistic speech, thus unconstitutionally burdening speech.  *See Compl.* ¶¶ 73–90.  The Court has rejected these arguments.  *See* Dkt. # 44.  The Court concludes that Plaintiffs have not alleged viable claims.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss the complaint in its entirety.

IV.   Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the trial court.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  Courts consider whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile.  *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).  Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment."  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Here, the Court has concluded that Plaintiffs' claims are insufficient.  However, at this early stage of the proceedings, the Court is not convinced that any amendment would necessarily be futile.  Accordingly, the Court **GRANTS** leave to amend.

V.   Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss, and **GRANTS** Plaintiffs leave to amend.

Plaintiffs may file an amended complaint consistent with this order no later than **April 17, 2020**.  Failure to file an amended complaint by that date will result in dismissal of Plaintiffs' claims with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10645 PSG (KSx) | Date | March 20, 2020 |
|---|---|---|---|
| Title | American Society of Journalists and Authors, Inc., et al. v. Xavier Becerra | | |

**IT IS SO ORDERED**.