XAVIER BECERRA
Attorney General of California
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
State Bar No. 227108
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3879
 Fax:  (415) 703-1234
 E-mail:  Jose.ZelidonZepeda@doj.ca.gov
*Attorneys for Defendant Attorney General Xavier Becerra, in his official capacity*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **AMERICAN SOCIETY OF JOURNALISTS AND AUTHORS; ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ATTORNEY GENERAL XAVIER BECERRA, in his official capacity,**<br><br>Defendant. | 2:19-cv-10645-PSG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE AND ENTER JUDGMENT**<br><br>Date: July 27, 2020<br>Time: 1:30 P.M.<br>Courtroom: 6A, 6th Floor<br>Judge: Hon. Philip S. Gutierrez<br>Trial Date: Not set<br>Action Filed: December 17, 2019 |

## INTRODUCTION

In this action challenging certain aspects of Assembly Bill 5, this Court previously denied Plaintiffs' motion for a preliminary injunction, and, on the same day, granted Defendant's motion to dismiss the complaint, with leave to amend. But Plaintiffs failed to amend the Complaint, and the deadline to do so expired over a month ago. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b),

Defendant requests that the Court dismiss this action with prejudice, and enter judgment.

## ARGUMENT

The Court dismissed Plaintiffs' Complaint, and granted Plaintiffs leave to amend, which Plaintiffs failed to do. Accordingly, the Court should now dismiss the Complaint with prejudice and enter judgment.

### I. THE ACTION SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PLAINTIFFS FAILED TO AMEND.

This Court granted Defendant's motion to dismiss on March 20, 2020, and granted Plaintiffs leave to amend. (ECF No. 45 at 3.) The Court directed that any amendment was due by April 17, 2020, and stated that "[f]ailure to file an amended complaint by that date will result in dismissal of Plaintiffs' claims with prejudice." (*Id.*) To date, more than a month after the Court's deadline, Plaintiffs have not filed an amended complaint. Thus, this case should be dismissed because Plaintiffs did not amend.

Although Plaintiffs' April 17, 2020 Notice of Appeal purports to seek review of the preliminary injunction denial *and* the dismissal order (ECF No. 46 at 3), dismissal with leave to amend is not immediately appealable. *WMX Tech. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). As the Ninth Circuit has made clear, "a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint." *Id.* at 1136. Instead, a plaintiff must file a written notice of intent not to amend. *Id.* Plaintiffs here neither amended nor otherwise informed this Court that they intended to stand by their Complaint, and the deadline to file an amended complaint has expired.

2

## II. PLAINTIFFS' NOTICE OF APPEAL DOES NOT DEPRIVE THIS COURT OF JURISDICTION TO ENTER JUDGMENT.

As noted above, Plaintiffs filed a Notice of Appeal on April 17, 2020, purporting to appeal from both the order denying their motion for a preliminary injunction and the order dismissing the Complaint with leave to amend. (ECF No. 46 at 3.) Plaintiffs' appeal does not deprive this Court of jurisdiction to enter judgment here.

A notice of appeal generally deprives the district court of jurisdiction to adjudicate the matters appealed. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But a notice of appeal from an interlocutory order, like the denial of a preliminary injunction, "does not divest the trial court of jurisdiction to continue with other phases of the case." *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). Moreover, a purported appeal from a non-final, non-appealable order—like dismissal with leave to amend— does not deprive this Court of jurisdiction, and the Court may disregard it and proceed to adjudicate the case. *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc); *Griggs*, 459 U.S. at 58. "Where the deficiency on a notice of appeal . . . is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby*, 365 F.2d at 389.

Here, this Court retains jurisdiction to dismiss this case with prejudice, and enter judgment. Defendant respectfully requests that it do so.

## CONCLUSION

For these reasons, the Court should dismiss the Complaint with prejudice, and enter judgment for Defendant.

3

| | | |
|---|---|---|
| 1 | Dated: May 27, 2020 | Respectfully submitted, |
| 2 | | XAVIER BECERRA<br>Attorney General of California |
| 3 | | BENJAMIN M. GLICKMAN<br>Supervising Deputy Attorney General |

/s/ *Jose A. Zelidon-Zepeda*
JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
*Attorneys for Defendant Attorney General Xavier Becerra, in his official capacity*

SA2019106422
42201006.docx

4