UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 19-10645 PSG (KSx) | Date | July 9, 2020 |
| Title | American Society of Journalists and Authors, Inc., et al v. Xavier Becerra | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**     **The Court GRANTS the motion to dismiss**

On March 20, 2020, the Court granted Defendant Xavier Becerra's ("Defendant") motion to dismiss. *See* Dkt. # 45. The Court also granted Plaintiffs American Society of Journalists and Authors, Inc. and National Press Photographers Association ("Plaintiffs") leave to amend, with a deadline to amend their complaint of April 17, 2020. *See id*. The Court directed that failure to amend by that date would "result in dismissal of Plaintiffs' claims with prejudice." *See id.* Plaintiffs failed to amend their complaint by that date. On April 17, 2020, Plaintiffs filed a notice of appeal. *See* Dkt. # 46. Plaintiffs appealed both this Court's order denying Plaintiffs' preliminary injunction, Dkt. # 44, and the dismissal order. *See id*. Defendant now moves to dismiss this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* Dkt. # 53. Although the parties have differing views on the nature of the Court's jurisdiction, Plaintiffs do not oppose. *See* Dkt. # 56.

A notice of appeal generally deprives the district court of jurisdiction to adjudicate the matters appealed, *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), however, "an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case," *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). The district court is divested of authority to proceed further with respect to matters appealed, "except in aid of the appeal . . . or in aid of execution of a judgment that has not been superseded," and the rationale is to "avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Matter of Thorp*, 655 F.2d 997, 998 (9th Cir. 1981). Where a notice of appeal is deficient, for instance, by "reference to a non-appealable order," the district court may "disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction," or, if the district court is in doubt, "it may decline to act further until the purported appellee obtains dismissal of the appeal in the court of appeals." *Ruby v. Sec'y of U. S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966). Where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10645 PSG (KSx) | Date | July 9, 2020 |
|---|---|---|---|
| Title | American Society of Journalists and Authors, Inc., et al v. Xavier Becerra | | |

the district court "correctly determines that its jurisdiction has not been ousted by a purported notice of appeal, because the latter was not taken from an appealable order, a notice of appeal directed to the non-appealable order will be regarded . . . as directed to the subsequently-entered final decision." *Id.*

Defendant argues that the dismissal order was not immediately appealable, and that the Court retains jurisdiction to grant dismissal. *See* Dkt. # 53. "[A] plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint." *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). Plaintiff responds that assuming the order was final and appealable, the Court has jurisdiction "in aid of the appeal" to enter final judgment. *See* Dkt. # 56.

The Court concludes that because the dismissal order was a non-final, non-appealable order, it has jurisdiction to grant dismissal here. Accordingly, the Court **GRANTS** Defendant's motion and **DISMISSES** the action with prejudice. This order closes the case.

**IT IS SO ORDERED**.